UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| LaTanya A. Griffin,<br>　*Plaintiff*,<br><br>v.<br><br>Eric Aden, in his official capacity as<br>Sheriff of Okaloosa County, and<br>Grady Carpenter, individually,<br>　Defendants. | Civil Action: 3:24-cv-00235 |

# COMPLAINT

**COMES NOW**, LATANYA A. GRIFFIN, by and through undersigned counsel and presents her claims for money damages more than $1,000,000.00 (one million dollars), exclusive of costs, interest and attorney's fees and sues ERIC ADEN, in his official capacity as Sheriff of Okaloosa County, and GRADY CARPENTER, in his individual capacity, and states as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action which meets this Court's jurisdictional threshold.

2. LATANYA A. GRIFFIN'S claims are made pursuant to, are actionable or cognizable through Fla. Stat. 768; 42 U.S.C. §1983 and §1988; and the Fourth Amendment of the Constitution of the United States of America.

3. LATANYA A. GRIFFIN hereby invokes supplemental jurisdiction of the United States District Court to adjudicate state tort claims arising under

Florida law pursuant to 28 U.S.C. §1367 and further invokes the jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 and §1343.

## PARTIES

4. LATANYA A. GRIFFIN [hereinafter, PLAINTIFF] is and was an adult resident of the State of Florida domiciled in Okaloosa County, Florida, at all times material to the present claim.

5. Defendant ERIC ADEN [hereinafter, SHERIFF] is or was the Sheriff of the Okaloosa Sheriff's Office when the present cause of action arose and is sued in his official capacity.

6. Defendant, GRADY CARPENTER [hereinafter, CARPENTER] is or was an adult employee of the Okaloosa Sheriff's Office at the time that the present cause of action arose and is sued in his individual capacity.

7. All acts material to this cause of action were committed in Okaloosa County, Florida.

## CONDITIONS PRECEDENT

8. All conditions precedent to the prosecution of this action have occurred, been performed, excused, or waived, including timely notice of intent to file the foregoing legal action presented to the Sheriff as required pursuant to Fla. Stat. 768.

## GENERAL ALLEGATIONS & FACTS COMMON TO ALL COUNTS

9. The general allegations and facts giving rise to the PLAINTIFF'S claim is the <u>2nd</u> <u>encounter</u> with the Okaloosa Sheriff's deputies resulting in non-consensual, forcible entry and PLAINTIFF'S *fully naked* seizure at her residence within a 9-month time frame. The first encounter was as follows:

**Residential Seizure - August 29, 2019**

10. On or about August 29, 2019, the Okaloosa Sheriff's deputies executed a pre-dawn search warrant at the PLAINTIFF'S residence. During the execution of the search warrant at the PLAINTIFF'S residence, forcible entry was made with a battering ram by heavily armed deputies through the front door.

11. The deputies made partial entry into the residence when PLAINTIFF was seen by the deputies from the first level. Aroused from her sleep, she left her bedroom fully naked. She could be seen on the second level by the deputies when the doorway was breached.

12. While PLAINTIFF remained naked, she was ordered to come down the stairs and walk towards the deputies at gunpoint. When PLAINTIFF reached the awaiting deputies near the threshold of her front door, she was then literally ordered out of her residence into her front yard while fully naked. PLAINTIFF verbally objected to being forced from her residence naked.

13. The event was observed by multiple law enforcement officers and also videotaped in its entirety.

14. The PLAINTIFF'S 6-year-old daughter and 14-year-old son observed PLAINTIFF during her naked detention for a substantial amount of time.

15. CARPENTER was present and provided immediate oversight of the deputies' operation.

**Residential Seizure - May 28, 2020**

16. On May 28, 2020, multiple Okaloosa County Sheriff's deputies executed an arrest warrant for an occupant believed to be located at the PLAINTIFF'S residence in Okaloosa County, Florida. The PLAINTIFF was not the subject of the arrest warrant.

17. Execution of the arrest warrant occurred during the pre-dawn hours. The PLAINTIFF'S residence was a two-story home located in a modest residential community directly parallel to a busy public roadway.

18. During the execution of the arrest warrant at the PLAINTIFF'S residence, forcible entry was made with a battering ram by heavily armed deputies through the front door.

19. The deputies encountered the unclothed PLAINTIFF inside her residence. PLAINTIFF was ordered at gunpoint toward awaiting deputies near the threshold of her front door.

20. With striking similarity to the August 29th seizure, PLAINTIFF was again literally ordered out of her residence while fully naked. PLAINTIFF verbally objected to being forced from her residence naked.

21. Once outside of her residence the PLAINTIFF'S 6-year-old daughter and 14-year-old son [hereinafter, minor children] observed PLAINTIFF during her naked detention for a substantial amount of time.

22. The PLAINTIFF'S hands were zip tied or handcuffed behind her back while she was detained outside of her residence fully naked.

23. Over PLAINTIFF'S objection she remained fully naked in the presence of multiple law enforcement officers.

24. The seizing Okaloosa Sheriff's deputies eventually placed a tank-top, tee shirt over the PLAINTIFF'S head providing partial covering, but not concealment, of her genitalia.

25. CARPENTER participated and was present during the execution of the arrest warrant and provided direction and oversight for PLAINTIFF's naked seizure and the deputies' operations.

## COUNT I (ONE)
## VIOLATION OF GRIFFIN'S FOURTH AMENDMENT RIGHTS AGAINST UNREASONABLE SEIZURE BY SHERIFF COGNIZABLE UNDER FLORIDA LAW

For her cause of action against Defendant SHERIFF in Count I, PLAINTIFF re-alleges and adopts, as if fully set forth, the allegations contained in paragraphs 1-9 and 16-25 and further states as follows:

26. SHERIFF'S deputies or agents while acting within the course and scope of their duties as law enforcement officers, did cause the naked seizure of GRIFFIN resulting in PLAINTIFF'S compelled public nudity and also nudity in the presence of the deputies or agents and assisting state or federal law enforcement officers. The deputies' or agents' actions were unnecessary and unreasonable resulting in her damages.

27. The SHERIFF'S deputies' or agents' actions resulted in GRIFFIN'S nudity which continued outside of her dwelling, roadside, then within a law enforcement vehicle. The actions of these deputies or agents caused PLAINTIFF to be seen by law enforcement agents, her minor children and the public during her nude seizure outside of her dwelling, roadside and also inside of a law enforcement vehicle near PLAINTIFF'S dwelling.

28. GRIFFIN did not consent to her initial and continuing nude seizure.

29. The PLAINTIFF'S nudity while outside of her dwelling exterior, at roadside and inside of a law enforcement vehicle, was not conducted in a reasonable manner, and also exceeded a reasonable time frame.

30. As a direct and proximate result of the SHERIFF'S action in the present case performed through the deputies or agents, GRIFFIN suffered: loss of liberty and freedom, physical inconvenience, physical discomfort, mental anguish, emotional distress, emotional suffering, mental and emotional harm, embarrassment, humiliation, injury to dignity and injury to her reputation, past, present and future medical care, lost earnings/income, lost time and lost earning capacity, and relocation expenses for the present claim. PLAINTIFF'S damages are continuing.

**WHEREFORE**, PLAINTIFF demands judgment against SHERIFF, for compensatory damages and costs of this action together with any post judgment interest, any and all equitable relief and requests a jury trial of all issues so triable.

### COUNT II (TWO)
### VIOLATION OF GRIFFIN'S FOURTH AMENDMENT RIGHTS AGAINST UNREASONABLE SEIZURE BY SHERIFF COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant, SHERIFF, in Count II, PLAINTIFF re-alleges and adopts, as if fully set forth, the allegations contained in paragraphs 1-25 and further states as follows:

31. SHERIFF'S deputies or agents while acting within the course and scope of their duties as law enforcement officers, did cause the fully naked seizure of GRIFFIN resulting in PLAINTIFF'S compelled public nudity and also nudity in the presence of the deputies or agents and assisting state or federal

law enforcement officers. The deputies' or agents' actions were unnecessary and unreasonable resulting in her damages.

32. The SHERIFF'S deputies' or agents' actions resulting in GRIFFIN'S nudity continued outside of her dwelling, roadside, then within a law enforcement vehicle. The actions of these deputies or agents caused PLAINTIFF to be fully observed by law enforcement agents, her minor children and the public during her prolonged nude seizure outside of her dwelling, at roadside and also inside of a law enforcement vehicle in the accompaniment of her minor children near PLAINTIFF'S dwelling.

33. GRIFFIN did not consent to her initial and continuing nude seizure.

34. The PLAINTIFF'S nudity while outside of her dwelling exterior, at roadside and inside of a law enforcement vehicle, was not conducted in a reasonable *manner*, and also exceeded a reasonable time frame.

35. The agents' actions are attributable to the SHERIFF'S policies and procedures or was a custom or practice during the PLAINTIFF'S residential seizure.

36. The SHERIFF'S customs or practices are shown through the *repeated acts* by the same agents on August 29, 2019, which again resulted in PLAINTIFF'S prolonged totally nudity which was humiliating and fully

observed by law enforcement agents, her minor children and the public during, detention and arrest.

37. The SHERIFF'S repeated practice of PLAINTIFF'S nude detention, seizure and arrest was widespread enough as to have force of law.

38. In the alternative, SHERIFF, his official or supervisory agent delegated with the final decision-making authority, had the authority and was responsible for the policy, procedure, custom or practice resulting in the execution of the arrest warrant and *manner* of PLAINTIFF'S prolonged, nude detention and arrest.

39. The same supervisory personnel who were present during the PLAINTIFF'S detention and arrest also participated in PLAINTIFF'S residential seizures in August 2019 and May 2020.

40. Notwithstanding final decision-making authority, the SHERIFF'S customs and practices or policies and procedures whether tacit, implicit, expressed, official, unofficial or which were acquiesced to by his agents, resulted in PLAINTIFF'S repeated naked detention, seizure and handling of PLAINTIFF, and was the moving force behind the constitutional violation of her unreasonable seizure.

41. The conduct of the SHERIFF towards PLAINTIFF, as more fully set forth above, was objectively unreasonable and in violation of PLAINTIFF'S

clearly established constitutional rights under the Fourth Amendment of the United States Constitution cognizable through 42 U.S.C. §1983.

42. As a direct and proximate result of the actions of the SHERIFF cognizable through 42 U.S.C. §1983, PLAINTIFF suffered: loss of liberty and freedom, physical inconvenience, physical discomfort, mental anguish, emotional distress, emotional suffering, mental and emotional harm, embarrassment, humiliation, injury to dignity and injury to her reputation, past, present and future medical care, loss of income, inability or diminished ability to work, and relocation expenses for the present claim. PLAINTIFF'S damages are continuing.

**WHEREFORE**, PLAINTIFF demands judgment against the Defendant, SHERIFF, for all damages allowable by law, including but not limited to compensatory damages, award of payment of all costs related thereto, reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with any post-judgment interest, any and all equitable relief allowed by law, and further demands trial by jury.

<u>**COUNT III (THREE)**</u>
<u>**SUPERVISORY LIABILITY AGAINST CARPENTER FOR FAILURE TO PREVENT OR DISCONTINUE FOURTH AMENDMENT VIOLATION, COGNIZABLE UNDER 42 U.S.C. § 1983**</u>

For GRIFFIN'S cause of action against CARPENTER, in Count III, PLAINTIFF re-alleges and adopts, as if fully set forth, the allegations contained in paragraph 1-9, and 16-25, and further states as follows:

43. On May 28, 2020, CARPENTER was personally present during the execution of the arrest warrant at PLAINTIFF'S residence. In addition to being present, CARPENTER also participated in the execution of the warrant and directives for PLAINTIFF'S physical seizure after her residential door was breached.

44. CARPENTER observed and participated in his subordinates' actions which caused the seizure of GRIFFIN resulting in PLAINTIFF'S compelled nudity as more fully detailed in the *General Allegations & Facts Common to all Counts* in the present complaint.

45. CARPENTER participated in PLAINTIFF'S seizure and observed, knew or was made aware of PLAINTIFF'S continued nudity outside of her dwelling, at roadside, and then within an open law enforcement vehicle.

46. CARPENTER was aware that GRIFFIN did not consent to her initial and continued compelled nude seizure as he was physically present when PLAINTIFF objected to being detained and seized without clothes

47. Moreover, CARPENTER knew or was made aware that PLAINTIFF'S detention and seizure, were not conducted in a reasonable manner and also exceeded a reasonable time frame.

48. CARPENTER had the ability to prevent or discontinue PLAINTIFF'S nude detention outside of her dwelling, at roadside and within a law enforcement vehicle by exercising supervisory authority over the SHERIFF'S deputies or agents but failed to exercise that authority to stop the constitutional violation.

49. The conduct of CARPENTER, individually, towards GRIFFIN was objectively unreasonable and violated GRIFFIN'S clearly established rights under the Fourth Amendment of the United States Constitution cognizable by 42 U.S.C. §1983.

50. As a direct and proximate result of the conduct of CARPENTER in the present case GRIFFIN suffered: loss of liberty and freedom, physical inconvenience, physical discomfort, mental anguish, emotional distress, emotional suffering, mental and emotional harm, embarrassment, humiliation, injury to dignity and injury to her reputation, past, present and future medical care, loss of income, inability or diminished ability to work, and relocation expenses for the present claim. PLAINTIFF'S damages are continuing.

**WHEREFORE**, PLAINTIFF demands judgment for any and all damages allowable by law including, compensatory and exemplary damages and costs of this action together with any post-judgment interests, reasonable attorney's fees pursuant

to 42 U.S.C. §1988, trial by jury as to all issues so triable, and other such relief as this Honorable Court may deem just and appropriate.

**Dated**:  May 27, 2024

                Respectfully Submitted,

                *s/* **_Kevin R. Anderson_**
                Kevin R. Anderson, Esq.
                Florida Bar No.: 0044857
                Anderson & Welch, LLC
                500 S. Australian Ave., 6th Floor
                West Palm Beach, FL 33401-6237
                Telephone: 561-832-3386
                Facsimile: 561-820-4867
                Andewelch@andersonandwelch.com
                *Attorney for the Plaintiff,*
                LATANYA A. GRIFFIN